**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **BERNHARD FELDHAUS,** | **Civil Case Number:** |
| **Plaintiff,** | |
| **-v-** | **CIVIL ACTION** |
| **TRANSUNION, LLC, and JPMORGAN CHASE BANK, N.A.,** | **COMPLAINT** |
| **Defendants.** | |

## INTRODUCTION

1.  Plaintiff, BERNHARD FELDHAUS, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Defendant JPMORGAN CHASE BANK, N.A. (hereafter "JPMCB" or "Furnisher") has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2.  Plaintiff further alleges that one of the largest consumer credit reporting agencies, TransUnion ("CRA"), failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

3.  Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4.  The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Colorado and violated Plaintiffs rights under the FCRA in the state of Colorado as alleged more fully below.

5.  Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## **PARTIES**

6.  Plaintiff, Bernhard Feldhaus ("Plaintiff"), is a resident of Montrose County in the State of Colorado and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7.  Defendant TransUnion, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8.  TransUnion, LLC is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

9.  Defendant JPMorgan Chase Bank, N.A. is a financial institution with its principal office located at 270 Park Avenue, New York, New York 10017.

## **FACTUAL ALLEGATIONS**

10. In or around January of 2021, Plaintiff noticed that Defendants were reporting two JPMCB tradelines on his credit report with a zero balance and a 30-day late status.

11. The reporting of an account that has been closed or transferred and a zero balance with a late payment status is inconsistent with the industry standard.

12. The payment status field is specifically designed to be understood as the current status of the

account.  As such, the credit scoring algorithms specifically take this data field into account when calculating and generating a credit score.

13. As a result, Plaintiff's credit score is negatively impacted because the credit report is being interpreted to mean that Plaintiff is currently late, despite the fact that he has a zero balance and zero monthly obligations.

14. A lower credit score hurts consumer's creditworthiness because lenders have different tiers of risk, and a consumer with a lower credit score will often be placed into a lower tier. This can cause consumers, like the Plaintiff to be denied credit or to receive credit at a more expensive cost.

15. Plaintiff, realizing the inherent contradiction of being marked late while no balances existed, sent a dispute letter on or around January 14, 2021 directly to Defendant Transunion. In his dispute letter Plaintiff noted the inconsistency, requested that an investigation be conducted, and that the inaccurate information be updated.

16. This reporting was materially misleading because it conveyed that Plaintiff was currently delinquent on payments when that was not the case.

17. Upon receipt of the dispute letter, the credit bureau TransUnion notified the Furnisher of Plaintiff's dispute.

18. Instead of conducting a reasonable investigation, Defendant verified the accounts as accurate and have continued to report the negative information, causing the Plaintiff harm.

19. Plaintiff was later extended less favorable terms of credit based on information contained in Plaintiff's TransUnion report.

20. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a lower credit score, as a result of Defendants' conduct.

21. At all times pertinent hereto, Transunion's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15  U.S.C. § 1681i**
**AGAINST TRANSUNION**

22. All preceding paragraphs are realleged.

23. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

24. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

25. Plaintiff initiated disputes with Transunion requesting that it correct specific items in his credit file that are patently inaccurate and damaging to him.

26. Transunion, after either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate items on his credit file, something that any basic investigation would have prevented.

27. As a direct and proximate result of Defendant Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT II**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15  U.S.C. § 1681e(b)**
**AGAINST TRANSUNION**

28. All preceding paragraphs are realleged.

29. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

30. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff; it would have removed the inaccurate information being reported on the Plaintiff's credit report.

31. As a direct and proximate result of their willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

<u>**COUNT III**</u>
**FAILURE TO INVESTIGATE DISPUTE**
**FCRA 15 USC § 1681s-2(b)**
**AGAINST JPMORGAN CHASE BANK, N.A.**
**"The Furnisher"**

32. All preceding paragraphs are re-alleged.

33. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

34. Plaintiff submitted a written dispute to TransUnion disputing the accuracy of the account being reported by JPMCB.

35. As evidenced by its response to the Plaintiff, the Furnisher received these disputes.

36. The Furnisher was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

37. The Furnisher failed to reasonably investigate Plaintiff's disputes. Indeed, the Furnisher knew that the account had a $0 balance but continued to report the negative information on his report anyway.

38. Even after the Plaintiff properly disputed the account with TransUnion, JPMCB refused to conduct a reasonable investigation and continued inaccurately reporting this account on his credit report.

39. JPMCB's conduct violated section 1681s-2(b) of the FCRA, causing Plaintiff harm.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A.  Awarding Plaintiff actual damages;

B.  Awarding Plaintiff statutory damages;

C.  Awarding Plaintiff punitive damages;

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E.  Awarding pre-judgment interest and post-judgment interest;

F.  A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G.  Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.


Dated: June 11, 2021

*/s/ Ari Hillel Marcus*
Ari Hillel Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
ari@marcuszelman.com
*Attorneys for Plaintiff*